UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES W. WEBER,

   Petitioner,

   v.

STEPHEN SINCLAIR,

   Respondent.

Case No. C08-1676RSL

ORDER GRANTING IN PART MOTION TO WAIVE ATTORNEY-CLIENT PRIVILEGE AND MOTION TO CONDUCT DISCOVERY

# I. INTRODUCTION

This matter comes before the Court on "Respondent's Motion to Conduct Discovery," dkt. # 105, and Respondent's "Motion to Waive Attorney-Client Privilege," dkt. # 106. Respondent seeks an order finding that Petitioner, by asserting claims of ineffective assistance of counsel related to his counsel's performance before and during trial, has waived the entire attorney-client privilege. Respondent also seeks an order authorizing it to conduct certain discovery before the evidentiary hearing scheduled to take place September 29, 2014. Having considered the parties' memoranda and supporting documents, and the remainder of the record, the Court GRANTS IN PART and DENIES IN PART Respondent's motions.

# II. DISCUSSION

**A.   Background**

The background facts and procedural history of the above-captioned case are set

ORDER GRANTING IN PART
MOTION REGARDING WAIVER
AND MOTION FOR DISCOVERY

forth in the Court's earlier order denying in part Petitioner's federal habeas petition and granting an evidentiary hearing and will not be repeated here. Dkt. # 103. Rather, this Order will focus on the facts relevant to the issues of waiver and discovery in this § 2254 proceeding. Petitioner is currently serving a life sentence without the possibility of early release following his conviction for second-degree assault while he was serving the sentence imposed following his 2003 state convictions for assault, unlawful possession of a firearm, and a violation of the Uniform Controlled Substances Act.

After Petitioner's two personal restraint petitions were dismissed by the state appellate courts, Petitioner filed his third-amended petition under 28 U.S.C. § 2254 for writ of habeas corpus seeking relief from his 2003 state court convictions. Dkt. # 70. On April 28, 2014, this Court adopted in part the Report and Recommendation of U.S. Magistrate Judge Mary Alice Theiler ("R&R"). The Court granted Petitioner's request for an evidentiary hearing on his ineffective assistance of counsel claim and denied the remaining grounds alleged in the § 2254 petition. Petitioner asserts 16 grounds for his ineffective assistance claim, including allegations that his trial lawyer's performance before and during trial fell below an objectively reasonable standard. Dkt. # 95 at 5-6. Of these 16 alleged failures, one was previously considered and dismissed on direct appeal and therefore, will not be considered by this Court on collateral review. Dkt. # 103 at 11.

With respect to the remaining 15 alleged incidents of ineffective assistance, the Court found that an evidentiary hearing is necessary as these claims rely on evidence outside the record. Thus, the Court granted an evidentiary hearing to determine whether the following alleged actions and omissions by trial counsel constitute ineffective assistance of counsel:

(1) Failure to read discovery which would have provided evidence the shooter

      had a shaved head unlike Mr. Weber;

      (2) Failure to locate and interview alibi witness Andrew Larson who would have established that Mr. Weber was not at the party as well as who else might have been at the party;

      (3) Failure to properly interview the victim, Mr. Vazquez about the shooter's shaved head, other nicknames, and how which hand the shooter loaded the gun and then shot at Mr. Vazquez;

      (4) Failure to interview Rhonda Encinas;

      (5) Failure to interview Nick Renion (did not testify);

      (6) Failure to fully investigate the party and interview other persons who were there, such as Mr. Torres;

      (7) Failure to hire an expert witness to challenge the photo lineups;

      (8) Failure to hire a gun expert to confirm that the shooter was most likely left-handed . . .

      ([9]) Fail[ure] to call the witnesses listed above;

      ([10]) Fail[ure] to secure a material witness warrant for Ms. Encinas;

      ([11]) Fail[ure] to cross-examine the victim on the identification of the shooter, including his second nickname and his shaved head;

      ([12]) Fail[ure] to impeach the victim on his identification of Mr. Weber as the shooter based on the shooter's shaved head, Mr. Weber's right-handedness, and the shooter's second nickname Boxer which is not a nickname of Mr. Weber;

      ([13]) Fail[ure] to make present to the jury a clear timeline of events to show that when Mr. Weber left the house to purchase beer, there was no way he could be back to the residence within ten minutes;

      ([14]) Fail[ure] to present evidence that a phone area code tattoo is very common; and

      ([15]) Fail[ure] to present evidence that the Mexican slang nickname "Guero Loco" is very common.

Dkt. # 95 at 5-6 (internal citations omitted).  Respondent now seeks a finding that Petitioner has waived the attorney-client privilege and an order authorizing it to conduct discovery before the hearing.

**B.**    **Waiver of the Attorney-Client Privilege**

1    It is well settled Ninth Circuit law that "where a habeas petitioner raises a claim of
2 ineffective assistance of counsel, he waives the attorney–client privilege as to all
3 communications with his allegedly ineffective lawyer." <u>Bittaker v. Woodford</u>, 331 F.3d
4 715, 716 (9th Cir. 2003). The scope of the waiver is determined by the particular claims
5 raised in the petition. A habeas petitioner "may preserve the confidentiality of the
6 privileged communications by choosing to abandon the claim that gives rise to the waiver
7 condition." <u>Id.</u> at 721. Petitioner has not withdrawn his ineffective assistance of counsel
8 claim. Because Petitioner is pursuing claims that target his counsel's performance,
9 Petitioner has placed his communications and counsel's representation at issue, thereby
10 implicitly waiving the attorney-client privilege. <u>Bittaker</u>, 331 F.3d at 718. Finding
11 otherwise would render Respondent ill-equipped to respond to the merits of Petitioner's
12 claims.
13    In response to Respondent's motions, Petitioner does not dispute that he has
14 impliedly waived the attorney-client privilege by pursuing a claim of ineffective
15 assistance of counsel. Dkt. # 107 at 1. However, he opposes the scope of the waiver that
16 Respondent seeks. <u>Id.</u> at 2-3. "Because a waiver is required so as to be fair to the
17 opposing side, the rationale only supports a waiver broad enough to serve that purpose."
18 <u>Bittaker</u>, 331 F.3d at 720. Thus, the Court agrees with Petitioner that the scope of the
19 waiver must be narrowly tailored to Respondent's needs in litigating the particular
20 grounds of his ineffective assistance claims. <u>Id.</u> Although Petitioner's claim includes
21 allegations based on trial counsel's pre-trial investigation and preparation, as well as acts
22 and omissions at trial, he has not impliedly waived the entire attorney-client privilege.
23 Contrary to Respondent's framing of his claims, Petitioner has asserted specific
24 allegations regarding particular actions and omissions with respect to particular witnesses
25 and pieces of evidence. <u>See</u> Dkt. # 95 at 5-6. For example, Petitioner does not allege that
26

ORDER GRANTING IN PART
MOTION REGARDING WAIVER
AND MOTION FOR DISCOVERY         -4-

1  counsel failed to interview witnesses generally, but rather, that he failed to interview
2  Rhonda Encinas, Nick Renion, Andrew Larson, and to some extent, the victim, Mr.
3  Vazquez and those specific failures were prejudicial to his defense. Id. at 5. Similarly,
4  he claims that counsel failed to present specific evidence at the trial which, had it been
5  presented, would have altered the outcome. Id. at 6. Based on the specific nature of
6  Petitioner's claims, the Court cannot find that Petitioner has waived the attorney-client
7  privilege in all respects. The waiver, therefore, is limited to the precise claims raised by
8  Petitioner identified above. Furthermore, the "waiver is narrow and does not extend
9  beyond the adjudication of the ineffectiveness claim in the federal habeas proceeding."
10  Lambright v. Ryan, 698 F.3d 808, 818 (9th Cir. 2012).

**C.  Discovery**

Parties in a habeas proceeding are not entitled to discovery as a matter of course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 6") provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a). "Granting discovery is left to the discretion of the court." Rule 6 advisory committee note. Respondent seeks to depose several individuals, including Petitioner, to seek production of certain files, and to serve written discovery on Petitioner before deposing him. Dkt. # 105 at 2-4. The Court addresses each request in turn.

**1.  Depositions**

Respondent has demonstrated good cause to depose Petitioner. Rule 6 "specifically recognizes the right of the respondent to take the deposition of the petitioner." Rule 6, advisory committee's note. The questions, however, must be phrased in such a manner that they are directly related to the allegations underlying

ORDER GRANTING IN PART
MOTION REGARDING WAIVER
AND MOTION FOR DISCOVERY            -5-

Petitioner's ineffective assistance of counsel claim.  Additionally, in light of the particular grounds underlying Petitioner's ineffective assistance of counsel claim, good cause exists for Respondent to depose Petitioner's trial counsel, Randall Hall, and witnesses Andrew Larson and Nicklus Torres.  This discovery is "indispensable to a fair, rounded, development of the material facts."  Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997) (quoting Toney v. Gammon, 79 F.3d 693, 700 (8th Cir. 1996)).  Petitioner claims that Mr. Hall's failure to interview and call Mr. Larson and Mr. Torres at trial deprived him of a fair trial.  Had the jury heard this evidence, Petitioner contends, no reasonable juror could have found Petitioner guilty.  Dkt. # 95 at 13.  Thus, the Court finds that the depositions of these witnesses will aid in the full development of the facts material to Petitioner's habeas claim.

As for Respondent's request to depose Alwin Farr, Respondent has not demonstrated good cause.  Mr. Farr, Petitioner's current counsel's investigator, located several witnesses that Petitioner contends trial counsel failed to locate and interview.  Dkt. # 80 at 11-13.  Mr. Farr was not involved in Petitioner's underlying state criminal case.  Nonetheless, Respondent contends that discovery related to Mr. Farr's post-conviction investigation is necessary for a full development of the facts in this case.  Dkt. # 105 at 2-3.  The Court disagrees.  Evidence of Mr. Farr's efforts and investigative techniques with respect to Petitioner's federal habeas proceeding, although likely interesting, are not necessary for a fair development of the material facts.  Petitioner has not demonstrated good cause to depose Mr. Farr and thus, Respondent's request to depose Mr. Farr is DENIED.  However, should additional facts come to light that suggest discovery regarding Mr. Farr's investigation would aid in a fair resolution of this matter, Respondent may seek leave to conduct additional discovery at that time.

**2.      Production of Files**

In addition to seeking to take depositions, Respondent seeks leave to request production of Mr. Farr's file regarding Petitioner, Mr. Hall's file regarding Petitioner, and the files belonging to the King County Prosecuting Attorney's Office regarding Petitioner's underlying state criminal case. Dkt. # 105 at 3. First, as explained above, Respondent has not demonstrated good cause to conduct discovery related to Mr. Farr's efforts in this federal habeas proceeding. Respondent, therefore, may not seek discovery of Mr. Farr's file.

As for Mr. Hall's file, Respondent may seek documents including correspondence, notes, and memoranda, related to Petitioner's specific allegations of ineffective assistance of counsel. These requests, however, must be narrowly tailored to documents related only to Petitioner's allegations. See Bittaker, 331 F.3d at 720-21. If Mr. Hall intends to withhold the production of any documents on the grounds that they are protected by the attorney-client privilege and beyond the scope of Petitioner's federal habeas claims, Mr. Hall shall submit those documents to the Court for an *in camera* review to determine whether that protection is available in light of Petitioner's allegations.

With respect to Respondent's request to seek the production of the state prosecutor's files, Respondent has not demonstrated that he has made any attempt to obtain the files informally. Because nothing in the record shows that Respondent has sought and been denied access to the King County Prosecuting Attorney's Office's files regarding Petitioner's state criminal case, Respondent's request to engage in formal discovery to retrieve these documents is DENIED.

**3. Interrogatories**

Rule 6(b) requires the party seeking to engage in written discovery to submit any proposed interrogatories "to advise the judge of the necessity for discovery and enable [the judge] to make certain that the inquiry is relevant and appropriately narrow." Rule 6

ORDER GRANTING IN PART
MOTION REGARDING WAIVER
AND MOTION FOR DISCOVERY         -7-

advisory committee's note. Respondent has not submitted any proposed interrogatories or provided any reason why written discovery, in addition to taking Petitioner's deposition, is necessary to respond to Petitioner's claim. Instead, Respondent explains generally that written discovery would provide "more information on [Petitioner's] ineffective assistance of counsel claims." Dkt. # 105 at 4. While that may be true, Respondent fails to inform the Court of the specific information sought and why that information must be obtained before Petitioner's deposition. Absent additional information regarding the type of interrogatories Respondent seeks to serve and the particular need to conduct this discovery before Petitioner's deposition, the Court cannot determine whether just cause exists and therefore, declines to permit such unlimited means of discovery.

**D.    Protective Order**

Having found an implied waiver of the attorney-client privilege and authorized limited discovery related to Petitioner's ineffective assistance of counsel claim, the Court must enter a protective order prohibiting the disclosure of otherwise privileged material. Lambright, 698 F.3d at 818; Bittaker, 331 F.3d at 727. Respondent does not dispute that the use of privileged information and documents is limited to the adjudication of Petitioner's ineffective assistance of counsel claim in the above-captioned case. Dkt. # 108 at 3; see also Bittaker, 331 F.3d at 722. Nor does Respondent object to the entry of a protective order to preserve the confidential nature of the privileged documents and information that may be disclosed during discovery in this matter. Dkt. # 108 at 5. Thus, the Court GRANTS Petitioner's request for a protective order. A separate protective order will be entered simultaneously with this Order.

## III. CONCLUSION

For all of the foregoing reasons, Respondent's motion to conduct discovery (Dkt. #

105) and motion to waive attorney-client privilege (Dkt. # 106) are GRANTED IN PART and DENIED IN PART.  Petitioner, by asserting claims of ineffective assistance of counsel, has waived the attorney-client privilege only with respect to communications with Mr. Hall regarding the specific allegations underlying Petitioner's ineffective assistance of counsel claim outlined above.  Respondent's requests to depose Petitioner, Randall Hall, Andrew Larson and Nicklus Torres are GRANTED.  Respondent's request to depose Alwin Farr is DENIED without prejudice.  Respondent may seek the production of documents from Mr. Hall's file related to Petitioner's specific allegations of ineffective assistance of counsel.  Should Mr. Hall seek to withhold any documents from production, Mr. Hall shall submit those documents to the Court for *in camera* review.  Respondent's requests to seek the production of Mr. Farr's file and the files of the King County Prosecutor's Office's regarding the underlying state case are DENIED without prejudice.  Respondent's request to serve written discovery on Petitioner is DENIED without prejudice.  The Court will enter a separate protective order.

DATED this 19th day of June, 2014.

*[signature]*
Robert S. Lasnik
United States District Judge